UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEIDRE HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-198-JAR |
| ) | |
| VISION FINANCIAL CORPORATION ) | |
| and DAVID HENSLEY, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Bifurcate the Trial [ECF No. 7]. Defendants request the Court separate issues of liability and punitive damages pursuant to Federal Rule of Civil Procedure 42(b) to avoid juror confusion and prejudice to Defendants. Plaintiff opposes bifurcation, arguing that Defendants have not shown how bifurcating the trial will convenience the parties or court, how they are prejudiced, or how bifurcating the trial will expedite or economize the trial. In reply, Defendants insist the punitive damages claim should be bifurcated to prevent prejudice and further argue that public policy supports bifurcation.

Fed.R.Civ.P. 42(b) permits a court to bifurcate a trial when such bifurcation is "in furtherance of convenience or to avoid prejudice or when ... [it] will be conducive to expedition." The decision on bifurcation is left to the discretion of the trial court. Ireland v. Bauer Corp., 2006 WL 6869426, *2 (W.D.Mo. September 18, 2006). District judges have considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced. Id. (citing Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202, 1209 (8th Cir.1995)).

After due consideration, the Court does not find any necessity to bifurcate the trial in this matter. At this point, Defendants have failed to demonstrate how they will be unduly prejudiced by a standard liability-and-damages trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate the Trial [ECF No. 7] is **DENIED** without prejudice.

Dated this 29th day of May, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE