UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEIDRE HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-198-JAR |
| ) | |
| VISION FINANCIAL CORPORATION ) | |
| and DAVID HENSLEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant David Hensley's Motion to Dismiss [ECF No. 11]. Plaintiff filed her Memorandum in Opposition to Defendant's Motion on May 30, 2012 [ECF No. 14]. Defendant did not file a reply. The Motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C, §§ 2000e, et seq., and Title I of the Civil Rights Act, 42 U.S.C. § 1981. In her complaint, Plaintiff alleges she was discriminated against by Defendants on the basis of gender, race and retaliation, and terminated shortly after complaining to an area manager in June or July 2010. Plaintiff further alleges that on or about May 4, 2011, she timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendants, Charge No. 560-2011-00913, alleging Defendants Vision Financial and David Hensley ("Hensley") unlawfully discriminated against her based on race, sex and retaliation. On or about November 21, 2011, the EEOC issued its Notice of Right to Sue, and

Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue. (Complaint for Damages, Doc. No. 1, ¶¶ 11-12).

**Legal Standard**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the nonmoving party. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir.2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

**Discussion**

In support of his motion, Hensley argues Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Specifically, Hensley states he was not named as a party in the charge of discrimination and EEOC complaint filed by Plaintiff as required under Mo.Rev.Stat. § 213.075(1). Hill v. Ford Motor Company, 277 S.W.3d 659, 669 (Mo.banc 2009). (Motion to Dismiss, Doc. No. 11, ¶¶ 3-4). In Hill, 277 S.W.3d 659, the Missouri Supreme Court held the failure to make a supervisor a party in the administrative action before the EEOC or the Missouri Commission on Human Rights (MCHR) will bar suit against him, but only if it resulted in prejudice. Id. at 662. Hensley also argues there was no conciliation taken by either the EEOC or the MCHR. (Motion to Dismiss, Doc. No. 11, ¶ 5).

In response, Plaintiff argues she exhausted her administrative remedies by filing a timely charge of discrimination with the EEOC and receiving notice of the right to sue. (Memorandum in Opposition to Defendants' Motion to Dismiss, Doc. No. 14, pp. 2-3). Plaintiff disputes that Hensley was not named as a party, and references her charge of discrimination, attached to Defendant's Motion to Dismiss (Motion to Dismiss, Exhibit A, Doc. No. 11-1), showing she identified Hensley as the perpetrator of the alleged discriminatory and retaliatory acts complained of. (Memorandum in Opposition, Doc. No. 14, p. 3).

"A claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Hogan v. Cosmic Concepts, 2011 WL 4528470, *2 (E.D.Mo. Sept. 29, 2011) (citing Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir.1994)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." Id.

Generally, in order for a plaintiff to exhaust her administrative remedies, she must name all of those alleged to be involved in the discriminatory behavior in her original administrative charge. Hogan, 2011 WL 4528470, *2 (citing Hill, 277 S.W.3d 659)). The purpose of naming a party in the charge of discrimination is to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation. Id. Plaintiff specifically names Hensley, her supervisor, in setting out the particulars of the alleged discriminatory conduct. Given that the Court must weigh all allegations in favor of Plaintiff, the motion to dismiss for failure to exhaust administrative remedies will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant David Hensley's Motion to Dismiss [11] is **DENIED**.

Dated this 25th day of July, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE